## SIMPKINS et al. v. CURTISS et al.

No. 16047—Opinion Filed Jan. 26, 1926.

1. **Highways—Injunction — Right of Township Board to Expend Funds—Burden of Proof.**

Certain citizens and qualified electors in McElroy township in Pawnee county sought, by a petition in the district court, to enjoin the township board from expending township road funds in permanent improvements upon a certain highway within the township. Before such plaintiffs are entitled to the injunctive relief prayed, it is incumbent upon them to establish that the township board is acting in such matter without statutory authority, or in excess of statutory authority.

2. **Appeal and Error — Review of Injunction Case—Sufficiency of Evidence.**

Where the judgment of the trial court was rendered for the defendants, constituting the township board, the judgment should be upheld unless it is made to appear that the judgment is against the clear weight of the evidence.

3. **Same—Judgment Sustained.**

Record examined, and held to support the judgment, and to require that it be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pawnee County; Z. I. J. Holt, Judge.

Action by Troy A. Simpkins, R. L. Stewart, D. D. Hosick, and O. B. Kizer, against John C. Curtiss, treasurer, George Taylor, clerk, and L. E. Kelley, member, constituting the Township Board of McElroy Township of Pawnee County. From judgment for defendants, plaintiffs appeal. Affirmed.

L. V. Orton, for plaintiffs in error.

Poe & Lundy and R. E. Morgan, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiffs in error are designated herein as plaintiffs, and the defendants in error as defendants, as they appeared in the trial court.

It seems that in the latter part of 1922 the township board of McElroy township, in Pawnee county, authorized a bond election in the township to vote bonds in the sum of $100,000 "to provide a fund for the purpose of securing right of way, and for the improvement of public roads and highways in said township by draining, grading and graveling same, and for the purchasing and building of bridges and culverts." It seems that after the money was secured on the bonds, $60,000 of the money was turned over to the State Highway Department to be used in constructing a state highway on a project referred to as federal aid project No. 108. The remaining $40,000 seems to have remained in the township treasury, and constitutes the township money involved here. The township board was proceeding to use the said $40,000 or some part of it in the improvement of a road in McElroy township in Pawnee county. The plaintiffs, as resident citizens and qualified electors of McElroy township in Pawnee county, brought their action in the district court of Pawnee county to restrain and enjoin the township board from expending the money in the manner proposed. As we understand the petition, a rather lengthy document, contentions are made that in two particulars the township board were proceeding, and if not restrained, will proceed in such road improvement without statutory authority and in excess of statutory authority; the first is that the board is proceeding and will proceed to improve a road in the township over which it has no authority or jurisdiction as a township board; and second, that the board is using and will proceed to use a character of material not in contemplation in voting the bonds, or a character of material which is entirely unauthorized. The defendants answered the plaintiffs' petition, putting in issue the question of whether or not the township board is acting within its authority under the law. A trial was had before the court, resulting in a judgment in favor of the township board, denying the plaintiffs the injunctive relief prayed for by them.

The plaintiffs propound several questions under which they present assignments of

error for reversal of the judgment of the trial court. We think the one question to be determined to properly dispose of this appeal is whether or not the plaintiffs' evidence establishes that the township board was acting, in its attempted expenditure of the township road fund, without statutory authority or in excess of its statutory authority. It seems clear that if the plaintiffs' evidence fell short of showing by the clear weight thereof that the board was doing things unauthorized, or was doing things authorized in an unauthorized manner, the judgment should be upheld. If they have shown these things or either of them, by the clear weight of the evidence, then the judgment is erroneous. It seems to be well settled that where some inferior tribunal or township board is acting within its prescribed power, a court of equity will not intervene by granting injunctive relief.

The plaintiffs contend that the road sought to be improved by defendants was out of the jurisdiction of the township board of McElroy township by reason of having been classified as a state highway or county highway. It is not contended that the township board is without power and jurisdiction to use the funds in its hands to improve township roads. The evidence tends strongly to show that the road sought to be improved by the township board is a different line of road than the line laid out and classified as either state or county highway, but is one of the most important, and one of the most used of the roads running within said McElroy township. It seems that the most that the plaintiffs have to complain of with reference to the line of road sought to be improved by the township board is the fact that some small portion of it coincides with the line laid out as a state highway. It is not contended that such fact will result in duplication of work, or result in a useless expenditure of township road funds. It seems that the mere fact that the two lines coincide for a short distance would not be sufficient to justify a court of equity in enjoining the entire scheme of township road improvement.

The contention is also made that defendants are using a character of road material which they are not authorized to use. The material which it is contended is being used and will be used is referred to as "impregnated liquid asphalt," whereas the bonds were voted on the representation and on the theory that gravel would be used in improving the township roads. The testimony tends

to show that the gravel or chat, a species of coarsely ground stone, was being used or to be used in making the improvements, and that some character of asphaltum was being used or to be used as a binder.

It seems that the State Highway Department of the state has prescribed specifications under gravel roads in this language:

"Section 161. Gravel Roads. Gravel roads shall be construed to mean all surfacing of gravel, or of earthy materials in the composition of which gravel predominates, not included under 'water-bound macadam' surfacing. The surfacing may be built in one or more layers. The gravel should contain and have added to it clay or other suitable binding material, which, with harrowing, sprinkling and rolling, will bank the material into a uniform and compact road surface."

It cannot be very well contended that Oklahoma's State Highway Department is not good authority as to what shall constitute a "gravel road." It seems clear that the language, "or other suitable binding material," would authorize the use of asphaltum as a binder if in the judgment of the members of the township board they think it is the proper character of binder. The Highway Department in its specifications (section 163) also defined "gravel" in this language:

"The gravel shall consist of hard, durable particles of stone mixed with sand and clay, or other satisfactory binder," etc.

The evidence tends to show that the material used and to be used consisted of "hard, durable particles of stone" and asphaltum as a binder. It seems to us such character of material in improving the township roads was well within the power of the township board.

The judgment of the district court denying the injunctive relief sought involves a general finding in favor of defendants, members of the township board, that they were acting within their statutory powers both as to the road being improved and to be improved, and as to the character of material being used and to be used. The record is ample to support such a general finding and to support the judgment in favor of the defendants.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 253 § 397. (2) 4 C. J. p. 900 § 2869. (3) 4 C. J. p. 1129 § 3122.